Mae **WHEELER**, individually and on behalf of all others similarly situated,
Plaintiffs,

v.

John **MONTGOMERY** et al.,
Defendants.

No. 48303.

United States District Court
N. D. California.

April 19, 1968.

Probable Jurisdiction Noted
April 21, 1969.

Peter E. Sitkin, Arthur M. Schaffer, Gilbert T. Graham, San Francisco, Cal., for appellants.

Thomas C. Lynch, Atty Gen., of California, Elizabeth Palmer, Deputy Atty. Gen., San Francisco, Cal., Richard Mayers, Deputy Atty. Gen., Sacramento, Cal., Thomas M. O'Connor, City Atty., of San Francisco, Raymond D. Williamson, Jr., Deputy City Atty., San Francisco, Cal., for appellees.

Before HAMLIN, Circuit Judge, and WOLLENBERG and ZIRPOLI, District Judges.

## MEMORANDUM OPINION AND ORDER DISMISSING ACTION

PER CURIAM.

This is an action for declaratory and injunctive relief. The facts concerning the named plaintiff—Mae Wheeler—are essentially as follows: The county welfare agency received a phone call which informed the county that Mrs. Wheeler had received the proceeds of her deceased son's insurance policy and had transferred the money to her grandson. The county determined that Mrs. Wheeler was therefore ineligible for continued welfare (Old Age Security [O.A.S.]) assistance and terminated her aid without affording her a hearing on the alleged facts prior to termination. On December 20, 1967, Judge Alfonso J. Zirpoli, the single judge to whom the application for a temporary restraining order was originally addressed, signed his memorandum opinion and entered various orders. He found the action to necessitate the convening of a three judge court and found a class action appropriate.

The parties have submitted extensive briefs and exhibits and the matter was submitted to the three judges on April 12, 1968, following oral argument.

With respect to the named plaintiff— Mae Wheeler—she has now been afforded a "fair hearing" and has been found eligible for continued O.A.S. assistance. Furthermore, the claim originally pressed by plaintiff—that at least *some* hearing *prior* to the termination of O.A.S. was constitutionally compelled —has now been conceded by defendants. The State of California, subsequent to Judge Zirpoli's order of December 20, has adopted new regulations which do provide for what plaintiff terms an "informal conference" with the recipient (whose aid the county is about to terminate) and the county agency which is about to make the determination that the recipient is no longer eligible for aid.[1]

1. Reg. 44–325.43 (effective April 1, 1968), as set forth in CALIFORNIA STATE DEPARTMENT OF SOCIAL WELFARE MANUAL, provides as follows:

44–325.43 *Notification* * * *

The recipient, the parent or other person responsible for the child in *AFDC*, shall be notified, in writing, immediately upon the initial decision being made to withhold a warrant beyond its usual delivery date for any reason other than death, and in no case less than three (3) mail delivery days prior to the usual delivery date of the warrant to the recipient. The county shall give such notice as it has reason to believe will be effective including, if necessary, a home call by appropriate personnel. Form ABCD 239, Notice of Action, or a substitute form, may be used for this purpose. Every notification shall include:

.431 A statement setting forth the proposed action and the grounds therefor, together with what information, if any, is needed or action required to reestablish eligibility or to determine a correct grant.

.432 Assurance that prompt investigation is being made; that the withheld warrant will be delivered as soon as there is eligibility to receive it; and that the evidence or other information which brought about the withholding action will be freely discussed with the recipient, parent, or other person, if he so desires (see Section .434 below).

.433 A statement of whether, if aid is withheld, the recipient will or will not continue to be certified for medical assistance during the month aid is withheld.

.434 A statement that the recipient, parent, or other person may have the opportunity to meet with his caseworker, an eligibility worker, or another responsible person in the county department, at a specified time, or during a given time period which shall not exceed three (3) working days, and the last day of which shall be at least one (1) day prior to the usual delivery date of the warrant, and at a place specifically designated in order to enable the recipient, parent, or other person:

(a) To learn the nature and extent of the information on which the withholding action is based;

(b) To provide any explanation or information, including,

Therefore, the only issue remaining before this court is that raised by the class action which contends that the newly adopted regulations are constitutionally inadequate to afford due process at the pre-termination conference. The class contends that the regulations are insufficient in five respects: (1) the conference is with a county official of the agency which has already determined the question of eligibility rather than before an "impartial" referee; (2) the three day notice requirement is too short; (3) no transcript is required to be made or furnished and the decision is not specifically required to be made only on the evidence presented at the conference; (4) the burden of proof is on the recipient to establish eligibility and not on the county to establish ineligibility, and (5) confrontation and cross-examination are not required.

The constitutionality of the "informal conference" must be determined in light of the fact that even if aid is terminated, the State of California must provide the recipient with the kind of hearing plaintiff seeks.[2] At present such "fair hearing" is required to be given within 45 days [3] and a decision rendered within the next 75 days.[4] As of July 1, 1968, the hearing and decision will be required to be made within 60 days.[5]

The court finds that the present California regulations (see note 1) do comport with the due process clause of the fourteenth amendment to the United States Constitution. The State of California having given Mae Wheeler, the named plaintiff, a fair hearing in which she has been found eligible for O.A.S., and having adopted regulations which assure all within the class due process before termination, the purpose of this action has been achieved and this proceeding may, with propriety, now be dismissed.

It is so ordered.

but not limited to that described in the notification pursuant to Section .431 above;

(c) To discuss the entire matter informally for purposes of clarification and, where possible, resolution.

2. Cal.Welf. & Inst.Code §§ 10950–10965.

3. Cal.Welf. & Inst.Code § 10952.

4. Cal.Welf. & Inst.Code § 10958.

5. Handbook of Public Assistance Administration § 6200(j), as set forth in Handbook Transmittal No. 140 (attached to Defendants' Trial Brief as Exh. B), provides as follows:

6200. *Requirements for State Plans*

\* \* \*

(j) Prompt, definitive, and final administrative action will be taken within 60 days from the date of the request for a fair hearing. The claimant will be notified of the decision, in writing, in the name of the State agency and, to the extent it is available to him, of his right to judicial review.