Risa **CALDWELL**, Kirk **Caldwell**, and Terence Caldwell, by their mother, Linda **Caldwell**, 3010 North Hutchinson Street, Philadelphia, Pennsylvania, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Alfred J. **LAUPHEIMER** et al., Defendants.

Civ. A. No. 69–397.

United States District Court, E. D. Pennsylvania.

Argued Oct. 8, 1969.

Decided Nov. 3, 1969.

Jonathan M. Stein, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs.

Joseph P. Work, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

Before ALDISERT, Circuit Judge, and DAVIS and HANNUM, District Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

This action brought on behalf of all Pennsylvania welfare recipients, as a

class, seeks a permanent injunction preventing the termination or reduction of public assistance without adequate notice and an opportunity for prior hearing, and a declaration that such termination is violative of due process. The case is before this three-judge court on plaintiffs' motion for summary judgment.

 Preliminarily, we note that jurisdiction is properly invoked by virtue of 28 U.S.C. § 1343(3) and (4) and 42 U.S.C. § 1983. There can be no doubt that plaintiffs' motion to prosecute this case as a class action should be granted. The requirements of Fed.R.Civ.P. 23 are satisfied. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1188 (1968). Because plaintiffs challenge the constitutionality of the Pennsylvania public welfare statutes, a three-judge court was properly convened. 28 U.S.C. § 2281.

Prior to December 18, 1969, plaintiffs Risa, Kirk and Terence Caldwell were receiving public assistance through their mother, Linda Caldwell. On December 13, 1968, notification was sent to Mrs. Caldwell that her children's assistance was being terminated for lack of adequate information as to the whereabouts of the father.

Defendants, members of the Philadelphia County Board of Assistance and the executive director, the secretary of the Pennsylvania Department of Public Welfare, and the state attorney general, acknowledge that the Pennsylvania welfare statutes, 62 P.S. §§ 402, 419, and 423, and the Department of Public Welfare regulations, Public Assistance Manual §§ 3567, 3590–3592.8, permit termination or reduction of assistance without adequate notice or a pre-termination hearing. They further stipulate that named plaintiffs did not receive adequate notice or a prior hearing. Finally, defendants readily agree that "their hearing procedure is subject to the requirements of the Due Process Clause of the Fourteenth Amendment," and "that under recent court decisions, the absence of any procedure prior to termination or reduction of assistance is deficient in terms of due process."

██ That due process requires a hearing prior to the termination of public assistance is too clear to merit extended discussion. As the three-judge court in Kelly v. Wyman, 294 F.Supp. 893, 901 (S.D.N.Y.1968) held:

"Against the justified desire to protect public funds must be weighed the individual's overpowering need in this unique situation not to be wrongfully deprived of assistance * * *. While the problem of additional expense must be kept in mind, it does not justify denying a hearing meeting the ordinary standards of due process. Under all the circumstances, we hold that due process requires an adequate hearing before termination of welfare benefits * * *."

No court that has ruled on the question of a pre-termination hearing has held otherwise. See, e. g., Sims v. Juras (D. Or.1969).[1] And, as observed, defendants apparently do not quarrel with the conclusion.

 What is in dispute is the nature of the prior hearing to be afforded the recipient. To be sure, "[t]he very nature of due process negates any concept of inflexible procedures universally acceptable to every imaginable situation." Cafeteria and Restaurant Workers, etc. v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230, (1961). Therefore, although the hearing procedures required in other contexts are always relevant, it is equally certain that they are never conclusive in determining the elements of procedural due process demanded by the special

---

1. Temporary restraining orders acknowledging the probable merit of the complaints have issued in at least four federal actions: Wheeler v. Montgomery, 296 F.Supp. 138 (N.D.Cal., 1968); Van Blaricum v. Dep't of Public Welfare (S.D.Ohio, 1968); Goliday v. Robinson, 305 F.Supp. 1224 (N.D.Ill., 1969); Miller v. Zoeller (W.D.Mo., 1969).

character of different administrative proceedings.

■■ In the situation before us, we have no doubt that procedural fairness requires the incorporation of at least the minimal incidents of due process recognized by defendants. Thus, the notice must be both timely and adequate, given within a reasonable time prior to the taking of any action, and specifying the proposed action and the grounds therefor, indicating the information needed to determine eligibility, and advising the recipient of the right to be heard and to be represented by counsel. Moreover, there must be full and complete disclosure of the information upon which the proposed action is based.

■ At the hearing, the recipient must be permitted to appear in person and with counsel, and to present evidence in his own behalf. When the termination of assistance depends upon information supplied by one whose reliability or veracity is questioned, the right to confront and cross-examine the informant may not normally be withdrawn.[2] Nothing could be clearer than the need for impartiality on the part of the hearing officer, but prior contact or familiarity with the case should not itself be disqualifying.[3] Finally, the hearing decision must be based exclusively on the evidence adduced at hearing.

Plaintiffs have sought to prevail upon us to outline in greater detail the specific procedures that must be followed. This we decline to do. We think that the procedural guarantees rehearsed above will furnish the necessary guidance to insure administrative fairness.

There appearing no genuine issue of material fact on the basic issue presented, plaintiffs' motion for summary judgment is granted. The parties will submit a proposed order.

2. "Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. * * * This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases * * * but also in all types of cases where administrative and regulatory actions were under scrutiny." Greene v. McElroy, 360 U.S. 474, 496– 497, 79 S.Ct. 1400, 1413–1414, 3 L.Ed. 2d 1377 (1959) (footnotes and citations omitted).

3. In Kelly v. Wyman, *supra*, the court said: "Since the review, however, is by another employee of the welfare agency, there is a possibility that the reviewing official will have had some prior official contact with the case. However, we are unable to say that the possible involvement of that official in aspects of a case prior to the review of proposed termination necessarily disqualifies him from conducting a fair hearing. Some degree of previous familiarity and informal contact with a case by a hearing officer is a common phenomenon in many administrative agencies. That the review officer is familiar with, or even has formulated opinions about, the facts of a case prior to review is not in itself sufficient to disqualify him." See NLRB v. Donnelly Garment Co., 330 U.S. 219, 236–237, 67 S.Ct. 756, 91 L.Ed. 854 (1947). See also Pangburn v. CAB, 311 F.2d 349, 356– 358 (1 Cir. 1962).